# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRELL DEVON LEWIS, | : | Civil No. 1:22-CV-01660 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| J.L. JAMISON, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Petitioner Tyrell Devon Lewis' ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is alleging that the Bureau of Prisons ("BOP") refused to apply earned time credits under the First Step Act ("FSA") based on an incorrect recidivism risk assessment.  (Doc. 1.)  For the reasons set forth below, the court will dismiss the habeas petition.

### PROCEDURAL HISTORY

Petitioner is serving a 68-month sentence for the offense of felon in possession of a firearm.  *See U.S.A. v. Lewis*, No. 1:19-cr-00306-WO-1 (M.D. N.C.).  He is currently housed at the Federal Corrections Institute Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania.  Petitioner initiated this action by filing a § 2241 petition in October of 2022.  (Doc. 1.)  The court entered a show cause order on November 1, 2022.  (Doc. 6.)  Respondent filed a response on

November 22, 2022.  (Doc. 8.)  Petitioner did not file a traverse.  The petition is now ripe to be addressed by the court.

## DISCUSSION

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted.  *See* 18 U.S.C. § 3632.  The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release.  *See id.* § 3632(a).  Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs."  *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or

supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A).  An inmate may earn ten (10)

days of credit for every thirty (30) days of successful participation.  *See id.*

Moreover, eligible inmates who have been assessed at a minimum or low risk of

recidivism who do not increase their risk of recidivism over two (2) consecutive

assessments may earn an additional five (5) days of time credit for every thirty (30)

days of successful participation.  *See id.*

Section 3624(g) sets forth the process for how FSA time credits are applied

to create an earlier release date for eligible prisoners. Section 3624(g) requires, for

application in prerelease custody, that the prisoner "has been determined under the

System to be a minimum or low risk to recidivate pursuant to the last 2

reassessments of the prisoner" or has specific approval by the warden.  18 U.S.C. §

3624(g)(1)(D)(i).  For early transfer to supervised release, § 3624(g) requires that

the inmate "has been determined under the System to be a minimum or low risk to

recidivate pursuant to the last reassessment of the prisoner."  *Id.* §

3624(g)(1)(D)(ii).

Petitioner asserts that he is eligible for 400 days of earned time credits under

the FSA, but his recidivism risk level is incorrect.  (Doc. 1.)  Specifically, he

alleges that his last PATTERN summary showed a general score of 5 and a violent

score of 7, which Petitioner alleges is incorrect.  (*Id.*)  However, the court will not

address the merits of his recidivism risk assessment claim because he has failed to exhaust his administrative remedies.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762.  Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *See id*. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *See id*. § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. *See id*. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *See id*. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

Petitioner concedes in his petition that he did not exhaust his administrative remedies prior to filing his § 2241 petition. (Doc. 1.) He asserts that his argument is an issue of statutory interpretation, and exhaustion is not required. (*Id.*) The record shows that Petitioner failed to file any remedy addressing his recidivism score or earned time credits. (Doc. 8-1.) Therefore, he never exhausted the issue before the BOP. The issue in this case is not purely statutory construction, but

whether or not, as a factual matter, Petitioner's recidivism risk score is accurate.

Therefore, exhaustion was not futile, and the petition will be denied.

## CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus.

A separate order will be issued.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 29, 2023